**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MMI Textiles, Inc.,** | ) | **CASE NO. 1:16 CV 2752** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Short Bank Industries, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court upon Plaintiff, MMI Textiles, Inc.'s Motion for Summary Judgment (Doc. 10). The motion is unopposed. This is an action on account. For the reasons that follow, the motion is GRANTED in PART and DENIED in PART. Plaintiff is entitled to summary judgment on counts one and two of the complaint. The Court *sua sponte* grants summary judgment in favor of defendant with respect to count three. Plaintiff is to file a motion for attorneys' fees and interest within 14 days of the entry of this Order.

## ANALYSIS

Plaintiff, MMI Textiles, Inc., brings this lawsuit against defendant, Short Bank

1

Industries, Inc., alleging that defendant purchased textile products from plaintiff on an invoiced basis and failed to pay for them. Plaintiff provides the declaration from its accountant demonstrating that the outstanding balance owed by defendant totals $490,264.67. Plaintiff filed this lawsuit asserting three claims for relief. Count one is a claim for breach of contract and count two is an action on account. Count three is a claim for unjust enrichment. Plaintiff moves for summary judgment on all counts and defendant does not oppose the motion.

Upon review, the Court finds that the undisputed evidence demonstrates that plaintiff is entitled to summary judgment on counts one and two. Defendant offers no opposition to plaintiff's argument and evidence establishing that the parties entered into contracts and that defendant breached those contracts by failing to pay for the items it received. Nor does defendant offer any opposition to plaintiff's evidence regarding the amount owed on account. For these reasons plaintiff is entitled to summary judgment on counts one and two. In addition, plaintiff notes that the invoices provide that plaintiff is entitled to interest and attorneys' fees in the event plaintiff is forced to use a collection service. Defendant does not dispute that these additional fees are owed. Accordingly, the Court finds that summary judgment is warranted on this issue. Within 14 days of the entry of this Order, plaintiff is to submit *via* separate motion a detailed account of the fees and interest it seeks.

The Court finds, however, that plaintiff is not entitled to summary judgment with respect to count three. Count three is a claim for unjust enrichment. It is well-settled that a claim for unjust enrichment will not lie in the face of a valid and enforceable contract. *Ullmann v. May*, 72 N.E.2d 63 (Ohio 1947), paragraph four of the syllabus. *See also, Joseph Oldsmobile/Nissan, Inc. v. Tom Harrigan Oldsmobile, Inc.*, 1995 WL 276804 (Ohio App. 2nd Dist. May 10, 1995) (*citing*

*Williams v. Goodyear Aircraft Corp.*, 85 N.E.2d 601 (Ohio App. 9th Dist. 1948)); *City of Cincinnati v.Cincinnati Reds*, 483 N.E.2d 1181 (Ohio App. 1st Dist. 1984)). Having concluded that a valid and enforceable contract exists governing the subject matter at issue, the Court finds that a claim for unjust enrichment does not lie against defendant. As such, the Court *sua sponte* grants summary judgment in favor of defendant on count three.

**CONCLUSION**

For the foregoing reasons, Plaintiff, MMI Textiles, Inc.'s Motion for Summary Judgment is GRANTED in PART and DENIED in PART. Plaintiff is entitled to summary judgment on counts one and two of the complaint. The Court *sua sponte* grants summary judgment in favor of defendant with respect to count three. Plaintiff is to file a motion for attorneys' fees and interest within 14 days of the entry of this Order.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 5/10/17