**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MMI Textiles, Inc., | ) | CASE NO. 1:16 CV 2752 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Short Bank Industries, Inc., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the Court upon Plaintiff, MMI Textiles, Inc.'s Motion for Attorneys' Fees and Contractual Interest (Doc. 12). For the following reasons, the motion is GRANTED. Attorneys' fees are awarded in the amount of $31,365.70. Interest is further awarded in the amount of $64,074.66.

## ANALYSIS

This Court previously granted plaintiff's unopposed motion for summary judgment on counts one and two of the complaint and indicated that plaintiff is entitled to a judgment in the amount of $490,264.67, which represents the amount of product that defendant purchased from

1

plaintiff for which payment is outstanding. The Court further granted plaintiff's request that fees and interest be awarded, as the invoices at issue provide as such and defendant offered no argument in opposition to plaintiff's request. The Court instructed plaintiff to file a motion outlining the fees and interest at issue and plaintiff has now done so. Defendant opposes plaintiff's motion in part.

In support of its motion, plaintiff provides detailed billing statements outlining the work done in successfully prosecuting this case. Plaintiff seeks $31,365.70 of fees in total. Plaintiff's attorneys are employed by Calfee, Halter & Griswold LLP, which is a Cleveland based firm with over 120 attorneys. Colleen M. O'Neil is the litigation partner working on this matter. Her rate for 2016 was $475 per hour and her rate for 2017 is $495 per hour. Matthew A. Chiricosta is a sixth year litigation associate and he billed out at $280 per hour in 2016 and $300 per hour in 2017. In addition, a partner in the bankruptcy department, as well as a first year litigation associate, assisted on the matter.

Defendant objects to the fee request on three bases. According to defendant, the hourly rates charged are "extraordinary." Defendant further claims that the number of lawyers who billed on the case is excessive, as is the number of hours billed. The Court will address each argument in turn.

<u>Rates</u>: Upon review, the Court finds that the rates incurred by plaintiff are reasonable in light of the facts of the case. At least two-thirds of the work performed was undertaken by an associate with a rate of either $280 or $300 per hour. As noted by plaintiff, the Economics of Law Practice in Ohio in 2013 indicates that the median rate for a "big firm" attorney is $325 per hour. This rate is less than the median rate and defendant makes no specific argument that a rate

2

of $280 or $300 per hour is unreasonable for a commercial litigator in the Cleveland area. Although the Court acknowledges that a rate of $475 or $495 is higher than the median rate, defendant provides no evidence indicating that the rate is unreasonable. As attorney O'Neil's affidavit demonstrates, she has considerable experience in the area of complex civil litigation. Given her credentials and experience, the Court finds that the rate charged for her services is reasonable. In addition, attorney O'Neil notes that she delegated as much of the work as possible to attorney Chiricosta, who billed at a lower rate. Moreover, plaintiff indicates that it attempted to settle this matter both before and after suit was filed in order to drastically reduce litigation costs. Defendant opted not to settle this matter and plaintiff ultimately filed a summary judgment motion, which defendant did not oppose. In all, the Court finds that the rates charged in this matter are reasonable for the services obtained. As plaintiff notes, defendant employed a similar firm in defending this matter.

<u>Number of attorneys</u>: The Court finds no merit to defendant's argument that the number of attorneys involved in this matter somehow renders the fee request unreasonable. In addition to attorneys O'Neil and Chiricosta, plaintiff utilized the services of a bankruptcy attorney and a first year associate at Calfee, Halter & Griswold LLP. Plaintiff utilized each of these attorneys for less than three hours each. The Court finds nothing unreasonable in this regard.

<u>Number of hours billed</u>: Defendant claims that the number of hours billed is excessive. The invoices attached to plaintiff's motion show that plaintiff incurred fees of $31,365.70, which is representative of approximately 87 hours of attorney time. Plaintiff obtained a judgment (including interest) of over $500,000. Based on the invoices, plaintiff's attorneys engaged in research, drafted the complaint, drafted discovery, participated in various court proceedings, and

3

drafted a summary judgment motion. On the whole, the Court finds that the expenditure of 87 hours for attorney work is reasonable for this case.

Defendant claims that the expenditure of 4.3 hours to draft the complaint and companion filings is excessive. Defendant also claims that 13 hours of "review and analysis of various articles and public materials for purposes of researching Unequal Technologies and Short Bark Industries" is excessive. And, according to defendant, the invoices disclose that work was performed regarding shareholder rights under Pennsylvania law. Defendant claims that there is nothing to suggest that these charges are relevant to this lawsuit. Upon review, the Court disagrees. The Court simply cannot say (without any supporting evidence from defendant) that 4.3 hours to draft the complaint and companion filings is excessive. And, plaintiff points out that research spent on analysis of Unequal Technologies and Short Bark was central to the assessment of Short Bark's financial condition and collectability. According to plaintiff, these issues impacted the decision to invest time and effort into litigating these claims. Moreover, the Court notes that Unequal Technologies is a Pennsylvania corporation and, as such, the very limited time entries regarding researching shareholder rights is relevant to this lawsuit. Once again, defendant does not provide the Court with any evidence supporting its position that these issues are not relevant or that plaintiff spent excessive time investigating them. In all, having reviewed the time entries and the corresponding affidavit of attorney O'Neil, the Court finds that the hours spent on this matter are reasonable and not excessive.

Plaintiff also seeks interest as provided in the parties' agreement. Defendant does not dispute that interest is owed or plaintiff's calculation thereof. Therefore, interest will be awarded in the amount of $64,074.66.

**CONCLUSION**

For the foregoing reasons, Plaintiff, MMI Textiles, Inc.'s Motion for Attorneys' Fees and Contractual Interest (Doc. 12) is GRANTED. Attorneys' fees are awarded in the amount of $31,365.70. Interest is further awarded in the amount of $64,074.66.

IT IS SO ORDERED.


Date:   6/16/17   　　　　　　　　　　　 */s/Patricia A. Gaughan*
　　　　　　　　　　　　　　　　　　　　PATRICIA A. GAUGHAN
　　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　　Chief Judge